UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DARNELL MCGARY, | CASE NO. C23-5388 BHS |
| Plaintiff, | ORDER |
| v. | |
| JAY INSLEE, et al., | |
| Defendants. | |

THIS MATTER is before the Court on pro se plaintiff Darnell McGary's Motion to Appoint Counsel, Dkt. 49, Motion to Renew Default, Dkt. 50, and Motion for Default against defendants Lujan Grisham and Manuel Gonzalez, Dkt. 51.

McGary's motions are based on his erroneous contention that he has properly served defendants Grisham and Gonzalez. He again argues that his effort to serve the defendants by certified mail is effective under Federal Rule of Civil Procedure 4(d)(1)(b). Dkt. 49 at 2.

But that Rule relates to mailing a "Waiver of Service" to certain sorts of defendants, and explains the consequences of failing to waive service, and of requiring the plaintiff to then go to the expense of proper, personal service. It appears that McGary

ORDER - 1

mailed waivers and the defendants did not respond. Under Rule 4(d)(2)(a), the non-responsive defendants may be liable to reimburse McGary for the cost of service—a cost he has yet to incur, however, because he effectively admits he has not served these defendants.

Accordingly, McGary's renewed motion for default, Dkt. 50, and his additional motion for default, Dkt. 51, are **DENIED**. The defendants are not in default. The Court will not address this issue further.

There is no constitutional right to counsel for an indigent plaintiff in a civil case unless the plaintiff may lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

The Court will appoint counsel under only "exceptional circumstances." *Id.* (quoting *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991)); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). These factors must be viewed together before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

1   McGary has not met this standard. He has not shown that he is likely to succeed

2   on the merits of his claims. He has not alleged or demonstrated that this Court even has

3   jurisdiction over most of the defendants, including the governor of New Mexico and his

4   former employer in New Mexico. His motion for the appointment of pro bono counsel,

5   Dkt. 49, is therefore **DENIED**.

6   The Court will address the remaining dispositive motions in a separate order.

7   **IT IS SO ORDERED**.

8   Dated this 3rd day of August, 2023.

BENJAMIN H. SETTLE
United States District Judge