UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DARNELL MCGARY,

        Plaintiff,

  v.

JAY INSLEE, et al.,

        Defendants.

CASE NO. C23-5388 BHS

ORDER

THIS MATTER is before the Court on the following motions: Defendant Jay Inslee's motion to dismiss, Dkt. 15; Defendant Brady Lovelady's motion to dismiss, Dkt. 11; Defendants Judy Roberts and Bob Scholl's amended motion to dismiss, Dkt. 26; Defendant Kirk Brown's motion to dismiss, Dkt. 42; and on pro se Plaintiff Darnell McGary's motions for partial summary judgment, Dkt. 37, for a preliminary injunction, Dkt. 52, and for relief from retaliation, Dkt. 62.

McGary's complaint is difficult to follow, but it appears he asserts 42 U.S.C. § 1983 claims against the governors of Washington and New Mexico and various state officials. He alleges Washington violated his constitutional rights when it (through non-party employees) conspired to have him committed to the Special Commitment Center

ORDER - 1

(SCC) as a sexually violent predator, following his conviction and sentence for a sex crime in the 1990s.[1]

His claims against New Mexico governor Grisham, sheriff Gonzalez, and detective Brown apparently relate to his resulting obligation to register as a sex offender under New Mexico law, where he apparently moved sometime after his 2016 release from the SCC. McGary has also sued Lovelady, the owner of a Honda dealership in Rio Rancho, New Mexico, where McGary apparently worked from 2017 to 2020, and Judy Roberts and Bob Scholl, owner and employee of Rocky Mountain RV and Marine in Albuquerque, New Mexico, where McGary also worked. McGary claims these defendants conspired to deprive him of his civil rights. Dkt. 1-2.

The motions are addressed in turn.

Governor Inslee and the State of Washington seek dismissal under Federal Rule of Procedure 12(b)(6), arguing that McGary has not and cannot state a plausible § 1983 claim against them for violating his civil rights.[2] Dkt. 15 at 4 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983.")). Inslee also argues that any § 1983 claims against him in his personal capacity are time-barred; McGary complains about his

---

[1] Over time, Mr. McGary has filed 19 civil cases and six habeas petitions in this District, most related to his underlying conviction and his time at the SCC.

[2] Inslee also points out that McGary's claims against him in his official capacity appear to relate to his commitment to the SCC more than 25 years ago, and they are facially time-barred.

initial commitment to the SCC and perhaps about the conditions of his release in 2016. Dkt. 15 at 6.

Section 1983 contains no limitations period. Courts instead "borrow" § 1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v. CMC Real Est. Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a § 1983 claim is three years.

McGary's response confirms that he is suing the governor's *office* for unconstitutional conduct "across time." Dkt. 18 at 2. He complains about the SCC and his time there, which ended in 2016. McGary does not allege or assert that Inslee personally violated his rights, and he reiterates that his claims relate to pre-2016 conduct.

The state (and its governor, in his official capacity) are not "persons" for purposes of § 1983. McGary has not alleged any fact or asserted any claim against Inslee personally for anything that happened after 2016. Three years prior to McGary's filing this case is May 1, 2020. Any § 1983 claim accruing before that date is time-barred. McGary has failed to state a plausible claim against Defendant Inslee in his official or his personal capacity. It is apparent that he could not do so.

Inslee's motion to dismiss is therefore **GRANTED**, and McGary's claims against him are **DISMISSED with prejudice** and **without leave to amend**.

Defendant Lovelady argues that McGary's attempt to serve him by mail is ineffective as a matter of law, that this Court has no personal jurisdiction over him, that this venue is not proper for McGary's claims against a New Mexico citizen arising out of McGary's employment in New Mexico, and that McGary has failed to state a plausible conspiracy or § 1983 claim. Dkt. 11.

McGary's response argues that venue is proper here because he has named a Washington defendant, Governor Inslee. Dkt. 19 at 2. But under 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the judicial district where (1) the defendant resides or (2) where the events giving rise to the case took place. McGary's complaint affirmatively alleges that Lovelady lives in New Mexico and that all the conduct of which he complains occurred there. Dkt. 1-2. McGary does not address the Court's personal jurisdiction over Lovelady, he does not address the lack of proper service under Federal Rule of Civil Procedure 4, and he does not argue or demonstrate that he has asserted (or could assert) a plausible claim against Lovelady. Dkt. 19. For each of these reasons,[3] Lovelady's motion to dismiss is **GRANTED**, and McGary's claims against him are **DISMISSED**.

Defendants Judy Roberts and Robert Scholl seek dismissal for similar reasons: lack of personal service, lack of personal jurisdiction, improper venue, and failure to state a plausible claim. Dkt. 26. Roberts and Scholl employed McGary at Rocky Mountain RV in Albuquerque, New Mexico, and McGary's complaint alleges that they violated his

---

[3] Additionally, McGary has not and cannot not allege that Lovelady was a state actor under 42 U.S.C. § 1983.

ORDER - 4

constitutional rights and conspired against him there. They demonstrate that McGary served them by certified mail, only, and that they have no contacts with Washington State. *Id*.

McGary's response asserts that he is a native of Colorado, and repeats that Inslee is a Washington resident. Dkt. 27 at 2. He seems to suggest that the Court has jurisdiction under 28 U.S.C. § 1391(a) and 42 U.S.C. § 1983. *Id*.

McGary is incorrect. Venue is proper where the defendant resides or where the conduct complained of occurred. 28 U.S.C. § 1391(b)(1) and (2). McGary alleges that he was wronged in New Mexico, by residents of New Mexico. Venue is not proper for McGary's claims against Roberts and Scholl.

The Ninth Circuit applies a three-prong test to determine whether a court has specific personal jurisdiction over a party. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). First, the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum." *Id*. Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id*. Finally, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id*.

While the Court may have subject matter jurisdiction over some of McGary's claims, McGary does not address, much less demonstrate, that it has personal jurisdiction over Roberts or Scholl. Furthermore, his effort to serve them by certified mail is ineffective as a matter of law.

Roberts and Scholl's motion to dismiss is therefore **GRANTED**, and McGary's claims against these defendants are **DISMISSED**.

Defendant Brown also argues that he was never properly served, that the Court does not have personal jurisdiction over him, that venue is not proper here, and that McGary has failed to state a plausible claim against him. Dkt. 42.

McGary's response, Dkt. 45, asks the Court to strike the motion based on Brown's answer, Dkt. 22, and on McGary's own motion for partial summary judgment, Dkt. 37. McGary's complaint alleges that Brown is the governing authority over New Mexico's "sex offending laws," that Brown was his "tracker" (in New Mexico), and that Brown "thwarted" McGary's success in Albuquerque. Dkt. 1-2 at 8. McGary appears to argue that his registration obligations arise under Washington law, and that "personal jurisdiction is appropriate based simply on the form of probation type procedure evidenced here[.]" Dkt. 45 at 2. He apparently contends that the New Mexico law requiring McGary to register there as a result of his conviction here is unconstitutional, and that Brown violated his rights by enforcing it. McGary does not articulate how that claim is properly heard in this Court, or address how this Court has personal jurisdiction over Brown based on conduct that occurred wholly in New Mexico. And he cannot. Brown was not properly served under Rule 4. Venue is improper here, and this Court has no personal jurisdiction over detective Brown. Brown's motion to dismiss is **GRANTED** and McGary's claims against him are **DISMISSED**.

McGary's motion for partial summary judgment against Brown—seeking a determination as a matter of law that he was not required to register in New Mexico—is **DENIED as moot**.

McGary's motion for a preliminary injunction seeks a determination that New Mexico's registration requirement constitutes double jeopardy. He appears to claim that Brown issued a warrant for McGary's arrest because he left New Mexico without complying with New Mexico's registration requirements. He asks the Court to remove the warrant.

For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

The Ninth Circuit continues to apply one manifestation of the "sliding scale" approach to injunctions in which "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff

1  can support issuance of an injunction, assuming the other two elements of the *Winter* test
2  are also met." *Id.* at 1131-32. However, an injunction cannot issue even when there is a
3  strong likelihood of success on the merits if there is just a mere possibility of irreparable
4  harm. *Id.* at 1131 (explaining the holding in *Winter*, 555 U.S. at 22).

5      McGary has not established that he is likely to succeed on the merits of his claim
6  that the New Mexico registration act is unconstitutional, and he has not established that
7  detective Brown is the proper official to defend that statute. Nor has McGary established
8  that this Court has jurisdiction to even hear a challenge to a New Mexico statute being
9  enforced in New Mexico. His motion for a preliminary injunction is **DENIED**.

10      Finally, McGary's hand-written, recently-filed motion for relief from retaliation,
11  Dkt. 62, is difficult to read. He appears to contend that an error in his power bill was the
12  result of retaliation against him, by someone. It is not clear who is retaliating, or for what,
13  or what McGary asks the Court to do. The motion is **DENIED**.

14      All of McGary's claims against Inslee are **DISMISSED with prejudice**. His
15  claims against Lovelady, Roberts, Scholl, and Brown are **DISMISSED**. His claims
16  against Defendants Lujan Grisham (the governor of New Mexico) and Gonzalez (a New
17  Mexico Sheriff) remain. Absent a showing of personal jurisdiction over these defendants,
18  of proper service, and of proper venue, these too will be dismissed.

19      **IT IS SO ORDERED**.
20      Dated this 8th day of September, 2023.

                                  BENJAMIN H. SETTLE
                                  United States District Judge